DAVID B. BARLOW, United States Attorney (#13117)
MICHAEL KENNEDY, Assistant United States Attorney (#8759)
Attorneys for the United States of America
185 South State Street, Suite 300 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 325-3387
email: michael.kennedy@usdoj.gov

*FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH MAR 31 2014 BY D. MARK JONES, DEPUTY CLERK*

IN THE UNTED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. ANATOLIY N. BARANOVICH, Defendant. | Case No. 2:12 CR 686 RJS STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY Judge Robert J. Shelby |
|---|---|

*AB* I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.(a) As part of this agreement with the United States, I intend to plead guilty to Count 2 of the Indictment, alleging Interference with Flight Crew in violation of 49 U.S.C. § 46504. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

(b) The elements of the offense(s) to which I am pleading guilty are:

(i) Count 2: Interference with a flight crew in violation of 49 U.S.C. § 46504: *First,* that the defendant was on an aircraft in flight (meaning an

aircraft from the moment all external doors are closed following boarding, until the time that either any external door is opened by airline personnel to allow passengers to disembark); *Second*, that the defendant knowingly assaulted or intimidated a flight crew member or flight attendant of the aircraft; and *Third*, that the assault or intimidation either interfered with the performance of the duties of the flight crew member or flight attendant, or lessened the ability of the member or attendant to perform his or her duties.

2. I know that the maximum possible penalty provided by law for Count 2 of the Indictment, Interference with a Flight Crew in violation of 49 U.S.C. § 46504, is imprisonment for a term of up to 5 (five) years, a fine of up to $250,000, and a term of supervised release after imprisonment of up to 3 (three) years.

I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3), and can have an additional term of supervised release imposed on me following that incarceration.

Additionally, I know the court is required to impose an assessment in the amount of $100.00 for each count of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, if applicable in my case, restitution to the victim(s) of my offenses shall be ordered pursuant to 18 U.S.C. § 3663A.

Finally, if I am not a citizen of the United States, I understand that my guilty plea may carry a risk of adverse immigration consequences, and I have fully discussed those consequences with my lawyer.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and, except as discussed below, I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

*ABR* 5. I know that I have a right to plead "Not Guilty", and I know that if I do plead "Not Guilty", I can have a trial.

*AB* 6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

✓(a) I have a right to the assistance of counsel at every stage of the proceeding.

✓(b) I have a right to see and observe the witnesses who testify against me.

✓(c) My attorney can cross-examine all witnesses who testify against me.

✓(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

✓e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

✓(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

✓(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

✓(h) It requires a unanimous verdict of a jury to convict me.

✓(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

*AB* 7. If I plead guilty, I will not have a trial of any kind.

*AB* 8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9.   I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10.  I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.  I stipulate and agree that the following facts accurately describe my conduct and the evidence against me, including facts which I admit are true, even though I might not have personal knowledge of them. These facts are not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct, but provide a factual basis for the Court to accept my guilty plea and to assist in calculating the sentence in my case:

A. On October 15, 2012, I was a passenger on Delta flight 1215, a Boeing 757 flying from Boston, Massachusetts to Salt Lake City, Utah. During the flight I fell asleep, and awoke as the plane began to descend. As I awoke, I became very nervous and agitated, and yelling to the passenger next to me, in Russian, explaining that I thought the wing of the aircraft was on fire. The passenger next to me did not understand what I was saying and did not move from his seat. I thought the wing was on fire and almost scraping the pavement when the aircraft touched down.

Several seconds after the aircraft touched down, I exited my window seat and ran to the back of the aircraft to the galley area. I located the emergency exit door located on the starboard side of the aircraft and began opening the door. While I was struggling to open the door, the flight attendant issued commands for me to stop, but I continued to open the door, causing a malfunction which jammed the door, caused malfunction in the emergency inflatable slide, and caused damage to the fuselage. Unable to restrain me, the flight attendant requested any assistance from the passengers to subdue me.

Several passengers exited their seats and wrestled me against the port side of the galley. Another passenger, an ex-police officer, had run to the aid of the other passengers struggling with me. Identifying me as the individual the others were attempting to subdue, this passenger employed a wrist lock and forced me to the floor of the aircraft, where I remained until

the plane was parked at a gate and law enforcement officers boarded the aircraft.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

A. The defendant agrees:

### Guilty Plea:

(1)(a) I will plead guilty to Count 2 of the Indictment;

(1)(b) I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in sentencing me, that my sentence may be increased because of these facts, and that if restitution is applicable to the uncharged and/or unpled conduct, the restitution order in this case will include restitution to the victims of such uncharged and/or unpled conduct. I understand and agree that unless I object to these facts in the Presentence Report, they will be deemed admitted by me.

### Appeal Waiver:

(2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range for incarceration as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range for incarceration as set forth in the final presentence report;

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not

limited to a motion brought under 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance;

✓(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver;

✓(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution;

### Rule 410 and Rule 11(f) Waivers:

(3)   If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that this agreement, my statements pursuant to this agreement, or any leads derived therefrom, should be suppressed or are inadmissible at any trial, hearing, or other proceeding;

### Financial Information Agreement:

(4)   To prepare my Pre-Sentence Report, I acknowledge that the United States Probation Office will ask me to complete the "Probation 48 Financial Packet" and to provide supporting documentation for the representations I make therein. I agree to truthfully and accurately complete the "Probation 48 Financial Packet" and to provide a copy of it and all supporting documentation attached thereto to the United States Probation Office and to the United States Attorney's Office within three weeks of my change of plea. I also consent to allowing the United States Attorney's Office to run a credit check on me. I understand that providing false or incomplete information or refusing to provide this information may be used as a basis for: (a) a separate prosecution for false statement under 18 U.S.C. § 1001; (b) the denial of a reduction for acceptance of responsibility pursuant to

Sentencing Guideline Section 3E1.1; and/or (c) an enhancement of my sentence for obstruction of justice under U.S.S.G. § 3C1.1;

*ABPb* **Restitution:**

*(5)(a) I agree that, pursuant to the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1)(A)(i) and (ii), I am obligated to make restitution and the court is obligated to order that I pay it. I understand and agree that the Court will determine at sentencing the final amount of restitution I must pay. I agree that the amount of restitution will include restitution to the victims of uncharged and /or unpled conduct referenced in paragraph 12.A(1)(b).

(5)(b) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664, and that under 18 U.S.C. § 3664(h), the Court can make me liable for the full amount of restitution owed. I agree to pay all restitution as ordered by the Court. I understand the payment of restitution is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(5)(c) I agree to pay restitution during any period of incarceration imposed on me. I understand that the government will recommend, and I agree that the Court should order, that during incarceration my restitution will be payable on a schedule of a minimum of the greater of $10.00 every three months or 50% of my income in prison from both institution and non-institution (community) sources.

(5)(d) I understand and agree that my payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

(5)(e) To help me meet my obligations to pay restitution and/or a fine, I consent to being placed on the Treasury Offset Program and State Finder.

*AB* B. The United States agrees:

**Dismissal of Counts:**

(1) To move for the dismissal of Counts 1, 3, and 4 at the time of sentencing.

*AB* **Acceptance of Responsibility Recommendation:**

(1) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offense (or offenses) up to and including at the time of sentencing, and including not falsely or frivolously denying any relevant conduct, and complying with all the financial disclosure obligations of this agreement; and

(1)(b) To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under § 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction. If the government determines that the defendant has not accepted responsibility and declines to move the Court for this additional level, the defendant will not receive it.

*AB* **Sentencing Recommendation:**

(2) To not oppose a sentence of time served and a period of supervised release of 36 months, even if the recommended sentence derived from the defendant's advisory Guideline range as calculated by the Court, or in the final Presentence Report, calls for a further term of incarceration. The United States' agreement is based on the facts and circumstances known to the government at the time of plea, and if the facts and circumstances change prior to sentencing, the United States shall not be bound by this provision.

(3) The Court does not have to follow the government's recommendations on sentencing, or any recommendation in the Presentence Report, and that if

it does not, the defendant will not be allowed to withdraw the plea of guilty for that reason.

13. I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea of "Guilty".

14. This plea agreement is between the United States Attorney for the District of Utah, and the defendant in this criminal case, and applies only to the criminal charges contained in the Indictment in this case. It shall not be construed to bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the government will bring this plea agreement to the attention of other authorities if requested to do so by the defendant. Additionally, this plea agreement shall not be construed to bar any civil actions or claims by any other person.

\* \* \* \*

I make the following representations to the Court:

1. I am 47 years of age. My education consists of 11th grade (Equivalency). I _____ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

9

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 31 day of March, 2014.

_____
ANATOLIY N. BARANOVICH
Defendant

I certify that I have discussed this statement with the defendant and that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 31 day of March, 2014.

_____
RONALD J. YENGICH
Attorney for Defendant

10

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 31st day of March, 2014.

DAVID B. BARLOW
United States Attorney

MICHAEL KENNEDY
Assistant United States Attorneys