RONALD J. YENGICH, #3580
YENGICH & XAIZ
Attorney for Defendant
175 East 400 South, Suite 400
Salt Lake City, Utah  84111
Telephone: (801) 355-0320
Fax: (801) 364-6026

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ANATOLIY N. BARANOVICH, <br><br> Defendant. | **SENTENCING MEMORANDUM** <br><br><br> Case No.  2:12-CR-686 RJS |

The defendant, Anatoliy N. Baranovich ("Mr. Baranovich"), by and through his attorney

of record, Ronald J. Yengich, hereby submits the following Sentencing Memorandum.


I.      **A SENTENCE OF HOME CONFINEMENT IS APPROPRIATE IN
        CONSIDERING THE 18 U.S.C. § 3553 FACTORS.**


When sentencing a defendant, the court "shall impose a sentence sufficient, but not

greater than necessary."  18 U.S.C. § 3553; *United States v. Booker*, 543 U.S. 220 (2005).

*Booker* restored the district courts' ability to fashion a sentence tailored to the individual by

requiring the court to consider factors other than simply the guideline range prescribed by the Sentencing Guidelines.  18 U.S.C. § 3553(a); *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004).  These factors include:

> the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentences and the sentencing range established for the applicable category of offenses; any pertinent policy statement; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In the instant case, a sentence of credit for time served is warranted.  Mr. Baranovich was in custody for eight months, from the date of the offense, October 17, 2012, until June 18, 2013. Following his release from the jail, he was on an electronic monitoring device from June 18, 2013, to January 7, 2014, without incident.

A.    *Nature and Circumstances of the Offense.*

Mr. Baranovich accepts full responsibility for his role in interfering with a flight crew. However, the facts and circumstances in the instant case are unique, and set this case apart from the typical interfering case.  Mr. Baranovich was on a long flight home to Oregon after visiting his sister overseas.  He had flown from Holland to Massachusetts, and then on to Salt Lake City. During these flights, Mr. Baranovich consumed a significant amount of alcohol.  Due to the length of the flight and his alcohol consumption, Mr. Baranovich fell asleep on the plane.  He

woke up as the plane was landing and thought that the wing of the aircraft was on fire.[1]   He panicked, and started yelling in Russian that the airplane was on fire.  Once the airplane landed, Mr. Baranovich got up from his seat and ran to the emergency exit door at the back of the plane. He was trying to open the door to escape the fire when the flight attendant told him to stop.  In his panic, he continued to open the door.  The door malfunctioned and jammed, also causing a malfunction in the inflatable slide and damage to the fuselage.

The flight attendant tried to restrain Mr. Baranovich, and was assisted by other passengers who forced him to the ground.  Mr. Baranovich remained there until law enforcement boarded the plane.  The situation in the instant case was not one in which Mr. Baranovich was being belligerent or hostile with the flight crew, nor was he assaulting or harassing them.  He was intoxicated and genuinely hallucinating that the plane was on fire.  His panicked actions were a result of this hallucination and his efforts to escape the plane that he thought was on fire. While the expense of the damage caused by his actions was significant, Mr. Baranovich did not intend to cause any damage to the plane.

   B.   *History and Characteristics of the defendant.*

Mr. Baranovich is a forty-seven year old man with no criminal history.  He has been married for twenty-five years and has four children, three of whom he continues to support.  He moved his family from the Ukraine to the United States fifteen years ago due to the fact that they were victims of religious persecution.  He has resided in Portland, Oregon during the last fifteen years, excluding the time he was incarcerated on this matter.

---

[1] It should be noted that another passenger interviewed also saw sparks coming from the wing of the aircraft.  *See* Statement of Nicolas Robinson.

Mr. Baranovich is a hard worker and has never been unemployed for more than a two-week period since he was eighteen-years-old.  His work ethic is confirmed by the fact that he has never been fired from a job.  Prior to incarceration he worked as a truck driver with David Star Trucking, and had been with that company for over three years.   Upon his release from incarceration, Mr. Baranovich immediately found employment is currently working for Bostar Transport Trucking, where he grosses $5000 a month.

His wife and children describe him as a good husband and father who has worked hard for the family.  His youngest son is just twelve years old.  Since his incarceration, his wife has worked as a dish-washer at a restaurant, making eight dollars an hour, in an attempt to continue to support the family.  His oldest son, who is twenty-four, is also working to help support the family.

Mr. Baranovich has no history of substance abuse, nor any history of mental health issues.   Since the date of his arrest in October of 2012, he has not consumed any alcohol.   He recognizes that alcohol was the major contributor to the instant offense and has made every effort to remove it from his life.

C.      *The Adequacy of the Sentence to Deter, Protect and Punish.*

Mr. Baranovich is well respected, loved, and has tremendous family support.  Given his background and lack of criminal history, the public need not worry about being protected from further crimes by the defendant.  The amount of time Mr. Baranovich has already served, both in custody and on electronic monitoring, is more than sufficient to provide adequate deterrence and just punishment for his conduct that is in line with the seriousness of the offense.   Mr. Baranovich is not a risk to the public.  Since being out of custody on June 18, 2013,  he has

complied with the law, and been in constant compliance with this Court's orders. Mr. Baranovich has expressed sincere remorse and is extremely ashamed of his behavior. It is very unlikely that he will ever reoffend.

     *D.*     *Restitution.*

The United States is seeking restitution in this case totaling $57,144.26. The government submitted the following breakdown of costs:

    R-4 door slide (PN D30656-132):    $48,320.60

    Door assist bottle (PN 40400-2):    $2,751.00

    Door bustle (PN 416n2104=602k):    $4,947.66

    Labor (15 hours @ $75.00):    $1,125.00

As indicated above, Mr. Baranovich earns only $5000 a month in gross income. His income is the main support for his wife and children. He has only approximately $900.00 in savings, and while he has no debt, his assets consist only of two family cars with a total approximate value of $17,000.00, and a work trailer worth approximately $8000.00. His wife brings home $760.00 a month from her job at a restaurant. Together, their net monthly earnings are $4324.00. After the monthly living expenses and expenses for his work truck are paid, Mr. Baranovich is left with a negative balance in his bank account some months. If this Court orders restitution be paid in the amount of $57, 144.26, there is no reasonable schedule of payments that would allow Mr. Baranovich to repay the restitution in full in the foreseeable future. *See* 18 U.S.C § 3664(f)(3)(B).

The government asserts that this case is a crime of violence and falls under 18 U.S.C. § 3663A, making the full amount of restitution mandatory, without consideration of Mr.

Baranovich's economic circumstances. *See* 18 U.S.C. § 3663A(c)(1)(A); 18 U.S.C. § 3664(f)(1)(A). However, Mr. Baranovich asserts that the crime to which he plead guilty, Interference with a Flight Crew, in violation of 49 U.S.C. § 46504, falls under 18 U.S.C. § 3663, as subsection (a)(1)(A) of § 3663, specifically references sentencing a defendant convicted of an offense under 49 U.S.C. § 46504. *See* 18 U.S.C. § 3663(a)(1)(A). As such, this Court has discretion in determining the appropriate amount of restitution to be ordered, considering the financial resources, needs and obligations of the defendant. *See* 18 U.S.C. 3663(B)(i). Mr. Baranovich asks that this Court consider imposing an amount of restitution less than the $57,144.26, requested by the airline, as it is not an amount that Mr. Baranovich would reasonably pay completely in his lifetime.

## CONCLUSION

If Mr. Baranovich is granted credit for the time he has served, he has the ability to continue to work and, not only support his family, but contribute money toward paying restitution on a monthly basis. Accordingly, the defendant respectfully requests that this Court impose a sentence of credit for time previously served.

RESPECTFULLY SUBMITTED this  10th day of June, 2014.

YENGICH & XAIZ
Attorneys for Defendant


By */s/ Ronald J. Yengich*
    RONALD J. YENGICH

## CERTIFICATE OF SERVICE

I hereby certify that I mailed/faxed a true and correct copy of the foregoing Sentencing Memorandum, on the case styled *United States of America v. Anatoliy Baranovich*, postage prepaid, this ___10th___ day of June, 2014, to:

Michael Kennedy
Assistant United States Attorney
185 South State Street, Suite 300
Salt Lake City, Utah 84111

Glen Manross
U.S. Probation Officer


*Myrleen Wright /s/*