DAVID B. BARLOW, United States Attorney (#13117)
MICHAEL KENNEDY, Assistant United States Attorney (#8759)
Attorneys for the United States of America
185 South State Street, Suite 300 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 325-3387
email: michael.kennedy@usdoj.gov

_____

IN THE UNTED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ANATOLIY N. BARANOVICH, Defendant. | Case No. 2:12 CR 686 RJS SENTENCING MEMORANDUM Judge Robert J. Shelby |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby respectfully submits its Sentencing Memorandum in the above-captioned case.

A. <u>Government's Position on Reasonable Sentence</u>.

In view of all of the factors under 18 U.S.C. § 3553(a), and consistent with its plea agreement with the defendant, the United States will not oppose a sentence of time served and a supervised release term of 36 months. Neither, however, does

the government *affirmatively* recommend such a sentence, but rather, leaves it to the discretion of the Court.  Such a sentence would be a reasonable sentence, but is not the only reasonable sentence.  The government notes that it has advised the Probation Officer and counsel for the defendant of its position that the Sentencing Guideline in this case should reflect that the conduct involved reckless endangerment under USSG § 2A5.2(a)(2), with a Base Offense Level (BOL) of 18, rather than the BOL of 9 under USSG § 2A5.2(a)(4).  Under the government's assessment of the case, the Guidelines range would be calculated as BOL 18 minus 3 (acceptance) = OL 15; OL 15 at CH Cat I = 18-24 months.

  B. <u>Restitution</u>.

  The Presentence Report and the defendant's Sentencing Memorandum correctly state the amount of restitution owing in this case.  The government disagrees with the defendant's view that this case does not fall under the provisions of the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A.

  As relevant to this case, the MVRA applies for any offense that is "a crime of violence, as defined in section 16 [of Title 18]," or an offense against property under this title [Title 18]."  Both alternatives apply to this case.

  First, 18 U.S.C. 16 defines a crime of violence as

> "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 16.  In this case, the offense of conviction, interference with a flight crew or flight attendant by assault or intimidation in violation of 49 U.S.C. § 46504, has the following elements:  *First*, that the defendant was on an aircraft in flight (meaning an aircraft from the moment all external doors are closed following boarding, until the time that either any external door is opened by airline personnel to allow passengers to disembark); *Second*, <u>that the defendant knowingly assaulted or intimidated a flight crew member or flight attendant of the aircraft</u>; and *Third*, that the assault or intimidation either interfered with the performance of the duties of the flight crew member or flight attendant, or lessened the ability of the member or attendant to perform his or her duties.  This offense clearly meets either alternative definition of a crime of violence.

Additionally, in Count 1 (a count that is to be dismissed as a part of the plea agreement), the defendant is charged with damaging and disabling an aircraft in the special aircraft jurisdiction of the United States and attempting to do so, in violation of 18 U.S.C. §§ 32(a)(1) and 8, a felony punishable by up to 20 years in

prison.  This offense also would qualify as a crime of violence, and would also qualify as an offense against property under Title 18, and therefor is covered by the MVRA.   In his plea agreement, Mr. Baranovich specifically agreed to pay restitution to "the victims of uncharged and /or unpled conduct."  (See Plea Agreement (Doc. 60) at ¶¶ 12(A)(1)(b) and 12(A)(5)(a).)[1]

The United States therefor requests that the Court overrule the defendant's objection relating to restitution, and order restitution in this case as required by the MVRA.

DATED:    June 11, 2014.

> DAVID B. BARLOW
> United States Attorney
>
> /s/ Michael Kennedy
>
> MICHAEL KENNEDY
> Assistant United States Attorney

---

[1]  The government agreed orally at the change of plea to let the defendant make the *argument* that the defendant's case is not covered by the MVRA, but otherwise is entitled to enforce the plea agreement if the Court finds the MVRA applies.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing SENTENCING MEMORANDUM was caused to be served on all persons named below, either by electronic filing notice, U.S. Mail (postage prepaid), or hand delivery, on June 11, 2014.


Ronald J. Yengich, Esq.
Attorney for Anatoliy Baranovich
175 East 400 South, Ste. 400
Salt Lake City, UT 84111
Email: ronaldy333@aol.com


/s/ *Michael Kennedy*